Filed 2/4/26  T.W. v. S.W. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

|  |  |
|---|---|
| T.W., | B347666 |
| Respondent, | (Los Angeles County Super. Ct. No. 19STPT00215) |
| v. | |
| S.W., | |
| Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Anne Kiley, Judge.  Dismissed.

S.W., in pro. per, for Appellant.

No appearance for Respondent.

\* \* \* \* \* \*

S.W. appeals the trial court's order striking her motion to disqualify the trial judge for cause. Because such an order may only be reviewed by petition for a writ of mandate filed 10 days after the order issued (Code Civ. Proc., § 170.3, subd. (d)),[1] we lack jurisdiction to hear S.W.'s appeal. We accordingly dismiss.

## FACTS AND PROCEDURAL BACKGROUND

T.W. and S.W. have one child together, born in 2018.

In January 2019, T.W. (the father) petitioned to establish his paternity as well as custody rights to the child. Over the ensuing years, the trial court promulgated temporary orders on child custody and visitation. The court set a half-day trial for May 21, 2025, with an eye toward issuing final orders on these matters.

On the day set for trial, the court placed T.W. and S.W.—both of whom are self-represented litigants—under oath, and they disagreed over nearly every factual question raised, such as the terms of a temporary custody order, whether their child was diagnosed with autism, and whether S.W. had brought the child to school late. The trial court observed that this was a "high conflict case," that the parents "wish[ed] to attack each other" repeatedly, and that it was "one of the most dysfunctional situations" the court had "ever seen in this courtroom." The court accordingly proposed conducting a "parenting plan assessment" before issuing any final custody orders, and continued the trial to August 2025. Throughout the hearing, whenever the trial court did not rule as S.W. requested, S.W. complained that she felt "like [she was] not being heard" and that she was not "getting a fair shake."

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

Six days later, S.W. filed a motion to recuse the trial judge under section 170.1 on the ground that "a person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial." S.W. asserted that the judge "ignored the law," was "biased and prejudiced," and was "punish[ing]" S.W. because S.W. had filed a complaint against the judge with the Commission on Judicial Performance following the judge's denial of S.W.'s prior recusal motion.

On June 13, 2025, the trial judge issued a written order striking the motion for recusal because (1) the motion was not personally served on the judge, (2) the motion was not verified, and (3) the motion disclosed no legal grounds for disqualification. The order explicitly informed S.W. that "the determination of the question of the disqualification is not an appealable order and may be reviewed only by a writ of mandate from the Court of Appeal sought within 10 days of notice to the parties of the decision."

On June 23, 2025, S.W. filed a notice of appeal challenging the trial court's order striking her recusal motion.

## DISCUSSION

A party may move to disqualify a judge on the ground, among others, that "[a] person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial." (§ 170.1, subd., (a)(6)(A)(iii).) Although a judge against whom a disqualification motion is made may not generally "pass upon his or her own disqualification" (and hence must refer the motion to another judge to hear and determine the motion), a judge may strike a disqualification motion "if on its face it discloses no legal grounds for disqualification." (§§ 170.3, subd. (c)(5), 170.4, subd. (b).) Whether a motion is denied or

3

stricken, that determination "is not an appealable order and may be reviewed only by a writ of mandate from the appropriate court of appeal." (§ 170.3, subd. (d); *PBA, LLC v. KPOD, Ltd.* (2003) 112 Cal.App.4th 965, 971.) Review is *not* permitted by appeal. (*Curle v. Superior Court* (2001) 24 Cal.4th 1057, 1063 [noting that writ review is "the exclusive appellate remedy"]; *People v. Panah* (2005) 35 Cal.4th 395, 444 [claim that court erred in denying motion to disqualify "is not cognizable on appeal"]; *D.C. v. Harvard-Westlake School* (2009) 176 Cal.App.4th 836, 849-850; see *Dumas v. Los Angeles County Bd. of Supervisors* (2020) 45 Cal.App.5th 348, 354 [order striking disqualification motion may be reviewed solely by writ petition and not by appeal].)

Because S.W. filed an appeal and not a petition for a writ, we lack jurisdiction to entertain this appeal.

## DISPOSITION

The appeal is dismissed. In the interest of justice, the parties are to bear their own costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P. J.
     HOFFSTADT

We concur:


_____, J.
 BAKER


_____, J.
 MOOR


4